# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, | No. 4:20-CV-02078 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| KATHY BOOCKVAR, *et al.*, | |
| Defendants. | |

## ORDER

### NOVEMBER 12, 2020

**BACKGROUND:**

The Court now considers three motions to intervene brought by: (1) several organizations and individuals represented by the American Civil Liberties Union of Pennsylvania (the "ACLU Intervenors") (Doc. 30); (2) DNC Services Corporation/Democratic National Committee (the "DNC") (Doc. 39); and (3) Daniel A. Berger, a Pennsylvania attorney (Doc. 55). Given the expedited schedule under which this action must proceed, the Court finds it both proper, and necessary, to rule on the motions quickly, in order to allow all relevant parties the opportunity to be heard on the merits of the case.

The proposed intervenors argue that they are entitled to intervene under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 24. Under the Federal Rules, parties may seek to intervene as of right, or with the Court's permission. The

Court does not address whether the ACLU Intervenors and the DNC are entitled to intervention as a matter of right, because I readily find that they satisfy the requirements for permissive intervention under Fed. R. Civ. P. 24(b).

Permissive intervention requires that a party file a timely application for intervention, and that the party's claim or defenses share a common question of law or fact with the main action at bar.[1] As the United States Court of Appeals for the Third Circuit has noted, under Fed. R. Civ. P. 24, I must also consider whether allowing intervention would "unduly delay or prejudice the adjudication of the rights of the original parties."[2] A District Court's decision to allow permissive intervention is "highly discretionary."[3]

There is no question that the motions were timely. Plaintiffs filed the action on November 9, 2020. The ACLU Intervenors and the DNC filed their motions to intervene on November 10, 2020 and November 11, 2020. Accordingly, the first factor weighs in favor of allowing intervention.[4] The second factor does as well. The ACLU Intervenors have an interest "in the constitutionality of Pennsylvania's voting procedures," which "goes to the heart of Plaintiffs' action."[5] This will

---

[1] Fed. R. Civ. P. 24(b).
[2] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 779 n. 6 (3d Cir. 1994) (quoting Fed. R. Civ. P. 24(b)(3)).
[3] *U.S. v. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014).
[4] *See, e.g.*, *National Collegiate Athletic Ass'n v. Corbett*, 296 F.R.D. 342 (M.D. Pa. 2013) (finding that a motion to intervene filed three weeks after a complaint was timely).
[5] *Donald J. Trump for President, Inc., et al. v. Kathy Boockvar, et al.*, No. 2:20-cv-00966, ECF 309 (W.D. Pa. 2020).

necessarily raise common questions of fact and law.  In another litigation brought by President Trump's campaign, the Honorable J. Nicholas Ranjan of the Western District of Pennsylvania granted intervention by a similar group of proposed intervenors as those represented by the ACLU.  This reasoning leads to the same conclusion in the instant action – namely, that intervention is allowable.  The same holds true for the motion brought by the DNC.

Finally, intervention will not "unduly delay or prejudice the adjudication of the original parties' rights," because the action was filed just days ago, and no further briefing has been received.[6]  Even under the expedited schedule set for this matter, the Court does not believe any of the original parties will be prejudiced.

Mr. Berger's motion presents a different set of questions.  First, it does not appear that Mr. Berger's interests are substantially different from the private individuals represented by the ACLU.  Both he and they stand to suffer the same harm; their interests are aligned.  Therefore, the Court does not believe that he may intervene as of right.[7]  Second, the Court exercises its discretion in denying Mr. Berger permissive intervention.  Were the Court to allow this individual to intervene on his own, the Court might be placed in the untenable position of having

---

[6] To the extent Plaintiffs may note that the proposed intervenors have not filed responsive pleadings yet, the Court notes that the absence of such pleadings at this stage is not dispositive, "because 'the failure to comply with the Rule 24(c) requirement for a pleading is a purely technical defect which does not result in the disregard of any substantial right.'" *PPL Energyplus, LLC v. Solomon*, 2011 WL 13128622, at *3 (D.N.J. July 19, 2011).

[7] *See* Fed. R. Civ. P. 24(a)(2) (noting that if existing parties "adequately represent [a proposed intervenor's] interest," that person may not intervene as of right).

to allow every individual to intervene on his or her own, which would then run the risk of "unduly delay[ing] or prejudice[ing] the adjudication of the rights of the original parties."[8]  The Court thanks Mr. Berger for his sense of civic duty, but denies his motion to intervene.

**THEREFORE**, **IT IS HEREBY ORDERED** that:

1. The ACLU Intervenors' motion to intervene (Doc. 30) is **GRANTED.**

2. The DNC's motion to intervene (Doc. 39) is **GRANTED**.

3. Daniel A. Berger's motion to intervene (Doc. 55) is **DENIED**.

4. The ACLU Intervenors and the DNC may file responsive pleadings, motions, and briefings on the same schedule as the Defendants. *See* Doc. 35.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[8] Fed. R. Civ. P. 24(b)(3).