# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., MATTHEW SEELY, ALEXANDRA SEELY, PHILIP O'HALLORAN, ERIC OSTERGREN, MARIAN SHERIDAN, MERCEDES WIRSING, and CAMERON TARSA,<br><br>          Plaintiffs,<br>  v.<br><br>JOCELYN BENSON, in her official capacity as Michigan Secretary of State, MICHIGAN BOARD OF STATE CANVASSERS, WAYNE COUNTY, MICHIGAN, and WAYNE COUNTY BOARD OF COUNTY CANVASSERS,<br><br>          Defendants, | CIVIL ACTION<br><br>Case No. 1:20-cv-01083-JTN-PJG<br><br>Hon. Janet T. Neff |

## PROPOSED INTERVENOR-DEFENDANTS DNC AND MICHIGAN DEMOCRATIC PARTY'S PRE-MOTION CONFERENCE REQUEST

Proposed Intervenor-Defendants DNC and Michigan Democratic Party ("Proposed Intervenors") hereby submit this pre-motion conference request as required under the Court's Information and Guidelines for Civil Practice § IV(A)(1). Proposed Intervenors request this pre-motion conference because they intend to file a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) in lieu of filing an answer to Plaintiffs' complaint.

More than a week after election day—and well after the tabulation of ballots in Wayne County and elsewhere in Michigan concluded—Plaintiffs, including Donald J. Trump for President, Inc. (the "Trump Campaign"), filed this suit, which features many of the same claims raised by the Trump Campaign and its allies in pending state court actions. Most of Plaintiffs' complaint, like the 200-plus pages of exhibits accompanying it, consists of declarations and testimonials from individuals who observed alleged irregularities in Wayne County's processing

of ballots. From this hodgepodge of allegations, Plaintiffs derive three claims: Count I, which alleges a violation of the Equal Protection Clauses of the U.S. and Michigan Constitutions under a theory of vote-dilution-by-fraud, Compl. ¶¶ 76–80; Count II, which claims that Defendants violated the U.S. Constitution's Elections and Electors Clauses by departing from Michigan's Election Code, *id.* ¶¶ 81–84; and Count III, which similarly alleges violations of Michigan's Election Code provisions relating to election challengers, *see id.* ¶¶ 85–88. Among other things, Plaintiffs seek to enjoin the certification of Michigan's election results. *See id.* at 30.

At the outset, the Court need not reach the merits of Plaintiffs' claims to dismiss this lawsuit. Under well-established abstention principles, Plaintiffs' challenge to Michigan's administration of its election under state law should proceed in the pending state court proceedings. *See generally R.R. Comm'n v. Pullman Co.*, 312 U.S. 496 (1941); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). And all of Plaintiffs' claims are barred by the Eleventh Amendment. *See generally Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).

Moreover, this Court lacks subject matter jurisdiction due to Plaintiffs' lack of standing. Plaintiffs' claims rely on an entitlement to have Defendants follow certain procedures in canvassing *other* voters' lawfully cast ballots—a generalized grievance about the conduct of government that is insufficient for purposes of Article III. *See Lance v. Coffman*, 549 U.S. 437, 442 (2007) (per curiam). And Plaintiffs' purported injury of vote-dilution-through-unlawful balloting has been repeatedly rejected by federal courts across the country as a viable basis for standing. *See, e.g.*, *Bognet v. Sec'y of Commonwealth*, No. 20-3214, slip op. at 36–44 (3d Cir. Nov. 13, 2020). Finally, Plaintiffs lack prudential standing to assert the rights of the Michigan Legislature in their claim under the Elections and Electors Clauses. *See, e.g., id.* at 22–23.

Even if this Court had jurisdiction to consider Plaintiffs' claims, their complaint should be dismissed to pursuant to Rule 12(b)(6). Plaintiffs' constitutional and statutory claims fail as a matter of law, and they have failed to create a plausible inference of widespread fraud and malfeasance that justifies the extraordinary relief they seek from this Court. Ultimately, "[t]he Constitution is not an election fraud statute." *Minn. Voters All. v. Ritchie*, 720 F.3d 1029, 1031 (8th Cir. 2013) (quoting *Bodine v. Elkhart Cnty. Election Bd.*, 788 F.2d 1270, 1271 (7th Cir. 1986)), and it "d[oes] not authorize federal courts to be state election monitors." *Gamza v. Aguirre*, 619 F.2d 449, 454 (5th Cir. 1980). Nor do Plaintiffs identify any law or precedent that gives them a private right of action to vindicate these interests or otherwise use the judiciary to enact their preferred level of electoral scrutiny under Michigan's Election Code. *See Polasek-Savage v. Benson*, No. 20-000217-MM, slip op. at 3 (Mich. Ct. Cl. Nov. 3, 2020) ("[I]t is not apparent plaintiffs have a clear legal right to request that their chosen number of election challengers be permitted at an absent voter counting board.").

For all of these reasons and more, Plaintiffs' claims should be dismissed. Thus, Proposed Intervenors respectfully request that this Court order a pre-motion conference in this matter.

Dated: November 14, 2020.

Respectfully submitted,

/s/ *Scott R. Eldridge*
Scott R. Eldridge (P66452)
Joe M. Infante (P68719)
MILLER CANFIELD
One Michigan Avenue, Suite 900
Lansing, Michigan 48933
Telephone: (517) 483-4918
eldridge@millercanfield.com
infante@millercanfield.com

Mary Ellen Gurewitz (P25724)
CUMMINGS & CUMMINGS
423 North Main Street, Suite 200
Royal Oak, Michigan 48067
Telephone: (248) 733-3405
maryellen@cummingslawpllc.com

Marc E. Elias (DC #442007)
John M. Devaney (DC #375465)*
Jyoti Jasrasaria (DC #1671527)
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 800
Washington, DC 20005
Telephone: (202) 654-6200
melias@perkinscoie.com
jdevaney@perkinscoie.com
jjasrasaria@perkinscoie.com

William B. Stafford (WA #39849)*
Jonathan P. Hawley (WA #56297)*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
wstafford@perkinscoie.com
jhawley@perkinscoie.com

*Counsel for Proposed Intervenor-Defendants
DNC and Michigan Democratic Party*

*Admission pending