# EXHIBIT 9

STATE OF MICHIGAN
COURT OF APPEALS

DONALD J. TRUMP FOR
PRESIDENT, INC., and
ERIC OSTERGREN,

    Plaintiffs-Appellants,

v.

JOCELYN BENSON, in her official
Capacity as SECRETARY OF STATE,

    Defendant-Appellee.

Court of Claims Case No.: 20-000225-MZ

---

Mark F. (Thor) Hearne, II (P40231)
Stephen S. Davis (*pro hac* pending)
TRUE NORTH LAW, LLC
112 S. Hanley Road, Suite 200
St. Louis, MO 63105
(314) 296-4000
thor@truenorthlawgroup.com

*Counsel for Plaintiffs*

---

**MOTION FOR IMMEDIATE CONSIDERATION OF APPEAL
UNDER MCR 7.211(C)(6)**

The Trump presidential campaign and Eric Ostergren, the plaintiffs below, ask this Court, under MCR 7.211(C)(6), 7.105(F), and 7.205(F), for immediate consideration of their appeal from today's order of the Court of Claims denying them relief. Immediate consideration is necessary because this case concerns the process by which Michigan is conducting the ongoing presidential election. The results of the election in Michigan may determine who wins the presidential election nationwide.

Michigan law allows "challengers" to monitor the absentee ballot process and challenge ballots that do not meet Michigan's strict compliance with absent voting procedures. MCL 168.730-168.734.

This action asks the Court to order Michigan's Secretary of State Jocelyn Benson to direct local election jurisdictions to allow election challengers to observe the processing and adjudicating of ballots and election challengers to observe video recordings of absent voter ballot drop off boxes according to Michigan law. A political party, incorporated organization, or organized committee of interested citizens may designate one "challenger" to serve at each counting board. MCL 168.730. An election challenger appointed under MCL 168.730 has those responsibilities described at MCL 168.733, including the opportunity to observe the manner in which the duties of the election inspectors are being performed and opportunity to challenge an election procedure that is not being properly performed. MCL 168.733(1)(b) and (d).

The Court of Claims erred both in denying this requested relief and in holding that Michigan election law can only be adjudicated by filing individual lawsuits in dozens of Circuit Courts against each of the 1,603 county and local election officials in Michigan. Contrary to the Court of Claims order, Michigan law provides that the Secretary of State is the "chief elections officer" responsible for overseeing the conduct of Michigan elections. MCL 168.21 ("The secretary of state shall be the chief election officer of the state and shall have supervisory control over local election officials in the performance of their duties under the provisions of this act."); 168.31(1)(a) (the "Secretary of State shall … issue instructions and promulgate rules … for the conduct of elections and registrations in accordance with the laws of this state"). Local election officials must follow Secretary Benson's instructions regarding the conduct of elections. Michigan law provides that Secretary Benson "[a]dvise and direct local election

officials as to the proper methods of conducting elections." MCL 168.31(1)(b). *See also Hare v. Berrien Co Bd. of Election*, 129 N.W.2d 864 (Mich. 1964); *Davis v. Sec'y of State*, 2020 Mich. App. LEXIS 6128, at *9 (Mich. Ct. App. Sep. 16, 2020).

Secretary Benson is violating the Michigan Constitution and Michigan election law by allowing ballots to be processed and counted without bipartisan teams of inspectors and challengers from candidates and interested organizations opportunity to meaningfully observe and challenge the processing of ballots as provided in Michigan election code 168.730, *et seq*. Secretary Benson's actions and her failure to act have undermined the constitutional right of all Michigan voters – including the credentialed and qualified challenger bringing this action – to participate in fair and lawful elections. These Michigan citizens' constitutional rights are being violated by Secretary Benson's failure to prevent unlawful ballots to be processed and her failure to ensure that statutorily-authorized challengers have a meaningful opportunity to observe and challenge the process.

Furthermore, contrary to the Court of Claims' order, this case is not moot because review and certification of election results continues at both the local and state level, including city, county, and state boards of canvassers. See MCL 168.46; MCL 168.801, *et seq*. *See also* MCL 168.862 ("A candidate for office who believes he or she is aggrieved on account of fraud or mistake in the canvass or returns of the votes by the election inspectors may petition for a recount of the votes cast for that office in any precinct or precincts…."). Part of the county canvass process is "examin[ation of] the 'Challenged Voters' and 'Challenged Procedures' sections of the Poll Book" and absent voter ballot challenges. Boards of County Canvassers Manual, ch. 4, p. 13. In addition, review of absent uniformed services voter or overseas voter ballots is ongoing. Review of these ballots must be performed by bipartisan teams of election inspectors. *See* MCL 168.733. Election

challengers must be allowed to oversee the conduct of the election to assure transparency and public confidence in the conduct of the election. *See id.* Strict and swiftly-impending deadlines are imposed for election result review processes.

Accordingly, President Trump's campaign and Michigan voter and credentialed election challenger Eric Ostergren request this Court to immediately consider this appeal and issue an order granting the relief requested in their emergency motion of injunctive relief, to wit: allowing lawfully designated challengers to observe the conduct of the election and to observe the videos of the remote, unattended ballot drop boxes established under Senate Bill 757.

Dated: November 6, 2020

Respectfully submitted,

*/s/ Mark F. (Thor) Hearne, II*
Mark F. (Thor) Hearne, II (P40231)
Stephen S. Davis (*pro hac* pending)
TRUE NORTH LAW, LLC
112 S. Hanley Road, Suite 200
St. Louis, MO 63105
(314) 296-4000
thor@truenorthlawgroup.com

*Counsel for Plaintiffs-Appellants*

**PROOF OF SERVICE**

The undersigned certifies that on November 6, 2020, he served the foregoing Motion for Immediate Consideration via email and First Class Mail to Erik A. Grill, Assistant Attorney General, Civil Litigation, Elections, & Employment Division at grille@michigan.gov, and Heather Meingast, Assistant Attorney General, at meingasth@michigan.gov.

*/s/ Mark F. (Thor) Hearne, II*
MARK F. (THOR) HEARNE, II
*Counsel for Plaintiffs*

4