# EXHIBIT 10

# STATE OF MICHIGAN

# COURT OF CLAIMS

BRENDA POLASEK-SAVAGE, and GREGORY
A. BEHLING,

**OPINION AND ORDER**

Plaintiffs,

v

Case No.  20-000217-MM

JOCELYN BENSON, and OAKLAND COUNTY,

Hon. Michael J. Kelly

Defendants.

_____/

Pending before the Court is plaintiffs' emergency motion for declaratory judgment.[1]  The motion is DENIED.  In addition, defendant Oakland County is DISMISSED from this action because the Court lacks subject-matter jurisdiction over the county as a defendant.

Plaintiffs have been designed election challengers under MCL 168.730.  The issue presented in this case concerns the number of election challengers that can be present at a combined absent voter counting board established under MCL 168.764d(1)(a).  According to ¶ 28 of the complaint, Oakland County has declared that organizations approved to appoint election challengers will only be permitted to have one challenger[2] present at each combined absent voter

---

[1] The Court appreciates defendants' compliance with the expedited briefing ordered in this case.

[2] Oakland County attached to its briefing a document purporting to show that organizations may have four challengers present at one of the county's absent voter counting boards.  Thus, it is not clear whether, or to what extent, the controversy alleged in plaintiffs' complaint still exists.

-1-

counting board.  It is unclear when plaintiffs were made aware of this policy; however, they contend that Oakland County "reaffirmed" the policy on Friday, October 30, 2020.[3]  Plaintiffs allege that this policy is inadequate and that some other reasonable number of challengers, such as 10 election challengers, should be permitted.

Plaintiffs' motion for emergency declaratory judgment will be denied.  As an initial matter, the Court agrees with Oakland County that it lacks subject-matter jurisdiction over the county. See MCL 600.6419 (describing this Court's jurisdiction); *Mays v Snyder*, 323 Mich App 1, 47; 916 NW2d 227 (2018) (noting that this Court's jurisdiction does not extend to local governments). And because the Court lacks subject-matter jurisdiction over Oakland County, the county must be dismissed from this action.

Turning to the Secretary of State, the complaint does not contain any specific allegations against the Secretary of State.  Instead, the complaint merely alleges that the Secretary of State has general supervisory control over local election officials.  See MCL 168.21; MCL 168.31.  It is not apparent what action, if any, was taken by the Secretary of State in this case.  This lack of clarity cuts strongly against the issuance of the emergency relief requested here.  See, e.g., *Purcell v Gonzalez*, 549 US 1, 5-6; 127 S Ct 5; 166 L Ed 2d 1 (2006) (per curiam).  Furthermore, plaintiffs have not explained how the relief they requested against the Secretary of State can issue in this case.  Plaintiffs have asked the Court to order the Secretary of State to require Oakland County to allow a number of election challengers selected by plaintiffs, based on plaintiffs' interpretation of

---

[3] The Court is mindful that it should be hesitant to interfere with aspects of an election at this late hour, particularly where the facts are unclear.  See, e.g., *Purcell v Gonzalez*, 549 US 1, 5-6; 127 S Ct 5; 166 L Ed 2d 1 (2006) (per curiam).

various statutes.  As the Secretary of State has pointed out, the types of allegations made by plaintiffs do not support the issuance of declaratory relief.  See *Lansing Schs Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 515; 810 NW2d 95 (2011) (describing the purposes of declaratory relief).  In essence, and without expressly requesting the same, plaintiffs have asked the Court to issue a writ of mandamus against the Secretary of State, compelling her to exercise her supervisory authority over local election officials.  See MCL 168.21.  However, mandamus will not issue in this case because, in addition to plaintiffs' failure to expressly request the same, it is not apparent plaintiffs have a clear legal right to request that their chosen number of election challengers be permitted at an absent voter counting board.  Likewise, it is not apparent that ordering an elected official, when she has taken no action herself, to order a county to perform a certain act is appropriate for a mandamus action.  See *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016) (describing mandamus relief, generally).

IT IS HEREBY ORDERED that plaintiffs' November 2, 2020, emergency motion or declaratory relief is DENIED.

IT IS HEREBY FURTHER ORDERED that defendant Oakland County is DISMISSED from this matter for lack of subject-matter jurisdiction.

This is not a final order and it does not resolve the last pending claim or close the case.

November 3, 2020                                          _____

Michael J. Kelly
Judge, Court of Claims