UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD J. TRUMP FOR PRESIDENT, *et al.*,

    Plaintiffs,

v.

JOCELYN BENSON, *et al.*,

    Defendants, and

DEMOCRATIC NATIONAL COMMITTEE, *et al.*,

    Intervenor-Defendants.

_____/

Case No. 1:20CV1083

Hon. Janet T. Neff

**STATEMENT IN RESPONSE TO THE CITY
OF DETROIT'S MOTION TO STRIKE**

Rule 41(a)(1)(A) provides, "the plaintiff may dismiss an action without a court order by filing: a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." As reflected on this Court's docket, pursuant to Plaintiffs' Rule 41(a)(1)(A) notice of voluntary dismissal, this Court closed and "terminated" this case on November 19.

The Plaintiffs (President Trump's campaign committee and Michigan voters) filed complaint on November 11 asking this Court to grant relief allowing challengers to meaningfully participate in the observation of the tallying of ballots by the Wayne County board of county canvassers, which acts under the direction and supervision of Michigan's Secretary of State Jocelyn Benson. The Plaintiffs also asked this Court to direct that, before the Wayne County board of canvassers certify the ballot tally for

Wayne County, the county board of canvassers not certify any ballot tally that included improperly, ineligible or unlawfully cast ballots. See ECF No. 1, PageID.30.

The Wayne County board of canvassers met on November 17. The board of canvassers reviewed the ballot tallies from the various precincts and found that, among other serious concerns, in more than seventy-one percent of Wayne County precincts, the number of ballots cast could not be reconciled with the number of eligible voters recorded in the poll books as having cast a ballot. In other words, in the overwhelming majority of Wayne County precincts, the number of ballots counted was not consistent with the number of eligible voters and could not be reconciled with the poll books as required in Michigan's election code. Some precincts were out of balance by as many as six hundred ballots.

The Wayne County board of canvassers considered whether to certify the ballot tally as provided in in Michigan's election code. See MCL 168.821, *et seq*. Two members voted to certify the ballot tally and two members voted against certifying the ballot tally. Monica Palmer and William Hartmann, the two Republican members, did not agree to certify the ballot tally and the two Democratic members Jonathan Wilson and Allen Wilson voted to certify the ballot tally.

The Wayne County board of canvassers did not certify the Wayne County election results because two members of the Wayne County board of canvassers (Monica Palmer and William Hartmann) could not verify the accuracy and honest of the ballot tally because systematic irregularities and potential fraud in the ballot

tally and because of the inability of the canvassing board (Republican and Democrat members) to reconcile the ballot tally by precinct.

Canvassing board Chairperson Monica Palmer and board member William Hartmann were verbally attacked and insulted multiple times during the public comment period after they voted to not certify the ballot tally. As Monica Palmer testified in her affidavit, she received threats against herself and her family. See ECF No. 33-2 ¶18. See also statement of Monica Palmer made to the Michigan board of state canvassers on November 23, 2020.

The four members of Wayne County's board of county canvassers went into a closed-door "executive session."[1] The minutes of this closed-door session have not been made public. But, according to the affidavits of William Hartmann and Chairman Monica Palmer, board attorney Janet Anderson-Davis told Hartmann and Palmer that they could not exercise their independent discretion and judgment in voting not to certify the results, and therefore, they believed they had no choice but to certify the results despite their opposition to doing so. Hartmann aff. (ECF No. 33-1) ¶10; Palmer aff. (ECF No. 33-2) ¶20. Hartmann and Palmer further stated they

---

[1] A closed-door "executive session" is forbidden under Michigan law. MCL 15.263(2) ("All decisions of a public body must be made at a meeting open to the public."). See also Attorney General Dana Nessell, *Open Meetings Act Handbook*, p. 7 ("All decisions must be made at a meeting open to the public – the [Open Meetings Act] defines 'decision' to mean 'a determination, action, vote, or disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure on which a vote by members of a public body is required and by which a public body effectuates or formulates public policy.'") (citing MCL 15.262(d)).

were "presented with a resolution that promised a full, independent audit that would present answers to the incomplete record" and were given "assurances that voting for the certification of the November election would result in a full, independent audit of Detroit's unbalanced precincts. Palmer aff. (ECF No. 33-2) ¶¶21-22. On the basis of this agreement reached in the closed-door executive session, Hartmann and Chairman Palmer agreed to withdraw their prior votes against certifying the ballot tally. Both Chairman Palmer and canvassing board member Hartmann have since stated they did not vote to certify the ballot tally. Palmer aff. (ECF No. 33-2) ¶¶24, 27 ("I rescind my prior vote to certify Wayne County elections. … I initially voted not to certify the election, and I still believe this vote should *not* be certified and the State Board of Canvassers should canvass for an additional period.") (emphasis in original); Hartmann aff. (ECF No. 33-1) ¶¶18-19 ("I voted not to certify, and I still believe this vote should *not* be certified. Until these questions are addressed, I remain opposed to certification of the Wayne County results.") (emphasis in original).

Because Chairman Palmer and canvassing board member Hartmann recanted their vote agreed to as a result of the promise of an audit made during the closed-door meeting. And, because Chairman Palmer and board member Hartmann affirmed their original vote to not certify the ballot tally from Wayne County, the Wayne County board of county canvassers has not certified the ballot tally for Wayne County.

Thus, the relief requested in this case, having this Court enjoin the Wayne County board of county canvassers from certifying the ballot tally is moot. The other relief requested was to allow challengers to be present and observe the Wayne County

4

ballot tally.  That relief is moot, as the ballots were tallied and the results reported before challengers could be present.  According, the plaintiffs filed a notice under Rule 41(a)(1)(A) withdrawing this complaint, and the clerk of this Court closed this case.  After this case was closed, the City of Detroit filed its motion to strike.

But, after the Plaintiffs withdrew their complaint under Rule 41(a)(1)(A), the City of Detroit filed a motion asking this Court to strike a portion of the Plaintiffs' Rule 41(a)(1)(A) notice withdrawing this case.  The City of Detroit's "motion to strike" is not proper for at least three reasons.

*First*, this case has been withdrawn and, as such, this Court has no subject matter jurisdiction over the matter.  The Eastern District of Michigan recently denied a motion the City of Detroit filed after the plaintiffs had filed a Rule 41(a)(1)(A) notice of withdrawal. The Eastern District explained,

> Rule 41(a)(1)(A)(i), provides that a "plaintiff may dismiss an action without a court order by filing [] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  A notice of voluntary dismissal under that rule is "is *self-effectuating*" and "*effective immediately*" upon the filing of a Rule 41 notice.
>
> *Carmack v. City of Detroit*,<br>2019 U.S. Dist. LEXIS 11165, *3 (E.D. Mich. Jan. 24, 2019)<br>(quoting *Aamot v. Kassel*, 1 F.3d 441, 444-45 (6th Cir. 1993))<br>(emphasis added).

See also *United States ex rel. Tingley v. PBC Fin. Servs. Grp., Inc.*, 2016 U.S. Dist. LEXIS 55254, *9 (W.D. Mich. April 26, 2016) (Rule 41(a)(1)(A) notice filed after defendant filed motion to dismiss) ("Rule 41(a) permits dismissal of a case by the plaintiff without a Court order if a notice is filed prior to the filing of an answer or

5

motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). No answer or motion for summary judgment has been filed. Consequently, the notice of dismissal was effective to dismiss the case.").

After this complaint was withdrawn, this Court closed and "terminated" this case. As such, this Court has no jurisdiction to entertain motions filed in cases that have been withdrawn and closed.

*Second*, this Court's rules provide a motion to strike is governed by Rule 12(f). Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f)(2) further provides that the "court may act … on motion made by a party … before responding to the *pleading*…."[2] A notice of dismissal (and exhibits thereto) is not a *pleading* but is a *filing* which is not subject to a motion to strike. The Sixth Circuit explained,

> Under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings. Fed. R. Civ. P. 7(a) defines pleadings as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." Exhibits attached to a dispositive motion are not "pleadings" within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f).
>
> *Fox v. Mich. State Police Dep't*,
> 173 Fed. App'x 372, 375 (6th Cir. 2006).

---

[2] Emphasis added.

6

As the rules provide, a motion to strike only applies to a "pleading." And as the Sixth Circuit held, even if Plaintiffs' notice of dismissal were a pleading (such as a dispositive motion), the exhibits attached to it are not subject to a motion to strike. A motion to strike does not apply to a notice to withdraw a complaint under Rule 41(a)(1)(A).

*Third*, The Plaintiffs' complaint requested this Court to order the Wayne County board of county canvassers not certify the results of the general election until after the Wayne County board of canvassers had verified the ballot tally and had determined the accuracy of the ballot tally according to Michigan's election code. See Compl., ECF No. 1. Therefore, since the Wayne County board of county canvassers met on November 17, after this complaint was filed, this action is now moot, which is the reason why Plaintiffs' filed their notice of dismissal.

Accordingly, the City of Detroit's motion to strike is not proper and is nullity that requires no further action by this Court.

Respectfully submitted,

*/s/ Mark F. (Thor) Hearne, II*
MARK F. (THOR) HEARNE, II
True North Law, LLC
112 S. Hanley Road, Suite 200
St. Louis, MO 63105
(314) 296-4000
thor@truenorthlawgroup.com

*Counsel for Plaintiffs*