UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD J. TRUMP FOR PRESIDENT,
INC., et al.,

    Plaintiffs,

v.

JOCELYN BENSON, et al.,

    Defendants.
_____/

Case No. 1:20-cv-1083

HON. JANET T. NEFF

### ORDER

Pending before the Court in this closed case is Intervenor-Defendant City of Detroit's Motion to Strike (ECF No. 34) to which Plaintiffs filed a response in opposition (ECF No. 38). For the following reasons, the motion is denied.

**I**

Plaintiff "Donald J. Trump for President, Inc." and seven Michigan citizens and registered voters initiated this action on November 11, 2020 with the filing of a "Complaint for Declaratory, Emergency and Permanent Injunctive Relief" against Michigan Secretary of State Jocelyn Benson, the Michigan Board of State Canvassers, Wayne County, and the Wayne County Board of County Canvassers. On November 17, 2020, this Court permitted intervention by several entities and individuals, including the City of Detroit (Order, ECF No. 20). This Court further directed the service of Plaintiffs' Complaint and the docketing and briefing of a proposed motion to dismiss (*id.*). Plaintiffs subsequently filed "acknowledgments of service" (ECF Nos. 23-28). On November 19, 2020, which was the day their response to the motion to dismiss was due, Plaintiffs instead filed a Notice of Voluntary Withdrawal (ECF No. 33). In the Notice, Plaintiffs included

the representation that the Wayne County Board of County Canvassers had "declined to certify the results of the presidential election," and Plaintiffs attached to the Notice affidavits from two members of the Wayne County Board of County Canvassers (ECF Nos. 33-1 & 33-2).

That same day, citing this Court's "inherent authority" and Federal Rule of Civil Procedure 11, the City of Detroit filed the motion at bar, seeking to have this Court strike both affidavits from the record as well as the "immaterial, impertinent and false language in the Notice itself" (ECF No. 34 at PageID.931). The City argues that "[t]he affidavits and the impertinent text in the Notice were submitted for an improper purpose: to make a gratuitous, public statement about their purported reason for voluntary dismissal, before the Court could reject their baseless claims of election fraud" (*id.*). The City points out that, "as has been reported publicly, the Wayne County Board of Canvassers voted to certify the election results, and there is no legal mechanism for that action to be rescinded by affidavits" (*id.* at PageID.930-931).

In response to the motion to strike, Plaintiffs assert that (1) this Court has "no subject matter jurisdiction" to consider the requested sanction; (2) a notice of dismissal is not a "pleading" subject to being stricken under Federal Rule of Civil Procedure 12(f); and (3) the case is "moot," and the City of Detroit's motion concerns a "nullity" that requires no further action by this Court (ECF No. 38 at PageID.945-947).

**II**

Federal Rule of Civil Procedure 41 governs dismissals of actions. Plaintiffs voluntarily dismissed their case pursuant to Rule 41(a)(1)(A), which permits a unilateral dismissal "without a court order" where the plaintiff files "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A). "[T]he notice is effective the moment it is filed with the clerk." Wright & Miller, 9 FED. PRAC. & PROC. CIV.

§ 2363 (4th ed.) (Dismissal as a Matter of Right).  It is merely a notice, not a motion, and does not signify a court's assessment of the legal merits of the complaint.  *Id.  See also Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 772-74 (6th Cir. 2020) (explaining that a Rule 41(a)(1) notice of dismissal is "self-effectuating" and not subject to review by the court).

Contrary to Plaintiffs' argument, their Notice of Dismissal does not divest this Court of jurisdiction to consider the City of Detroit's Motion to Strike.  Rather, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).

Further, Plaintiffs' argument that a notice of dismissal is not a "pleading" subject to being stricken under Federal Rule of Civil Procedure 12(f) is misplaced.  The City of Detroit did not file its motion to strike under Rule 12(f) but under the sanctions provision of Rule 11.  Rule 11 governs "Representations to the Court" made in not only a "pleading" but also a written motion or "other paper."  FED. R. CIV. P. 11(b).  The United States Supreme Court has specifically held that "a litigant who violates Rule 11 merits sanctions even after a dismissal." *Cooter*, 496 U.S. at 398.

Rule 11(b) instructs, in pertinent part, that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; …."  FED. R. CIV. P. 11(b).  If, "after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate

3

sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1).  Last, Rule 11 instructs that "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," including "nonmonetary directives…."  FED. R. CIV. P. 11(c)(4).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court...."  *Cooter*, 496 U.S. at 393.  Indeed, the Supreme Court has observed that even if a "careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred."  *Id.* at 398.  When to impose a sanction, and the tailoring of an appropriate sanction, are matters within a district court's "broad discretion."  *Id.* at 399, 407.  *See also Nieves v. City of Cleveland*, 153 F. App'x 349, 352 (6th Cir. 2005) ("Because the district court knows best how to regulate its forum, it has broad discretion in determining when a sanction is warranted and what sanction is appropriate.").

The City of Detroit seeks to have this Court strike the affidavits and the "impertinent text" in the Notice because Plaintiffs submitted them in order to make a "gratuitous, public statement." This unique case, while dismissed only eight days after it started, arises from a national election of great public interest and has been rife with "public statements" since its inception, both gratuitous and otherwise.  With the filing of its motion, the City of Detroit's factual position is part of the court record, and the Court, in its discretion, declines to impose the requested sanction. Accordingly:

**IT IS HEREBY ORDERED** that the City of Detroit's Motion to Strike (ECF No. 34) is DENIED.

Dated:  December 1, 2020                              /s/ Janet T. Neff
                                                     JANET T. NEFF
                                                     United States District Judge